MRS. OSCAR PORTER v. THE STATE.

No. 12613.    Delivered June 12, 1929.
Rehearing denied November 13, 1929.

The opinion states the case.

*Thos. R. Bond* of Terrell and *Wynne & Wynne* of Kaufman for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

In this case appellant made application for a continuance because of the absence of two witnesses. It is shown that one of the witnesses was himself a fugitive from justice, and the averments in the application as to the residence of the other witness, and the diligence exhibited in an effort to procure his testimony, appear so vague, indefinite and unsatisfactory as to justify the learned trial judge in overruling said application.

Complaint is made that the State was permitted to ask the prosecuting witness to refresh his memory if he remembered who was with him a short time before he bought the liquor in question, and upon receiving a negative answer, that the State was permitted to name a party and ask witness if the party named was with him. The transaction in question had occurred several years prior to the trial, and we do not deem such question seeking to refresh the recollection of the witness to be improper. The answer to the question could be of no harm to the rights of appellant, the witness answering that he remembered being with the party named and that they chipped in so much each and bought whisky, but that he could not remember whether he bought it from appellant.

The prosecuting witness testified positively that he bought some intoxicating liquor from appellant about the time alleged. We think no error committed in allowing the State to prove by another party than prosecuting witness, that about the time mentioned said other party contributed to a fund and gave it to prosecuting witness to go and get whisky, and that the prosecuting witness went and got same. This was for the consideration of the jury for what it was worth as proving the transaction in question. While this witness did not know from whom the prosecuting witness bought the liquor and did not undertake to say, he did affirm that about that time he contributed money which was given to prosecuting witness who then went away and bought the whisky.

We regard the testimony of the officers, in effect, that they had a capias for appellant and were looking for her for several years, as admissible on the question of flight.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—This is a companion case to that of Oscar Porter v. State, No. 12,614, in which opinion on rehearing was delivered October 23, 1929. An application for continuance in the present case was predicated on the absence of two witnesses, Eugene Keith and John Brown, the same as in the case just referred to. The contention is renewed in appellant's motion that the court was in error in refusing the continuance. Evidence heard upon the application revealed that Keith was a fugitive from justice. The diligence in taking out process for Brown is precisely the same as was shown in Oscar Porter's case (supra) which was discussed at length in the opinion on rehearing. In that case it was held there was lack of diligence. The same holding follows here. The reasons fully appear in the opinion on rehearing in the companion case.

Another complaint renewed in appellant's motion is directed at the reception of evidence from the officers regarding their efforts to apprehend appellant. That point is also fully covered in the opinion on rehearing in Oscar Porter's case (supra) and will not be again discussed.

It is contended that evidence of Nash, the alleged purchaser, as to M'Jaaland's probable connection with the transaction was improperly received. The trial took place about four years after the

claimed sale of whisky. Nash testified positively that he purchased whisky from appellant shortly before Christmas in 1924, and that he thought the purchase occurred on a Sunday. Over objection he stated that he did remember on one occasion that M'Jaaland contributed to a fund used by Nash in the purchase of whisky at the Kaufman hotel, but that he could not say at the time of the trial that the purchase in which M'Jaaland was interested was made from appellant. M'Jaaland testified that on a Sunday shortly before Christmas in 1924 he contributed to a fund with which Nash procured some whisky, but that witness did not know where Nash got it. The evidence is such that the jury would have been warranted in finding that the money contributed by M'Jaaland went into the purchase claimed to have been made by Nash from appellant.

We are constrained to adhere to the conclusion reached in our original opinion.

Appellant's motion for rehearing will be overruled.

*Overruled.*